THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles Mason, Appellant,
 
 
 

v.

 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
 Carolyn C. Matthews, Administrative Law
Court Judge

Unpublished Opinion No. 2011-UP-323
 Submitted May 1, 2011  Filed June 22,
2011

AFFIRMED

 
 
 
 Charles Mason, pro se, for Appellant.
 Christopher D. Florian, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Charles
 Mason appeals the Administrative Law Court's (ALC) order, which affirmed the South Carolina Department
 of Corrections' (the Department) decision finding Mason guilty of smuggling
 contraband and attempted escape.  On appeal, Mason argues the ALC erred in finding (1)
 the Department's disciplinary proceedings did not violate Mason's due process
 rights and (2) substantial evidence existed for the hearing officer to find
 Mason guilty of both disciplinary convictions. We affirm.[1]
1.  We find the ALC did not err in
 finding the Department's disciplinary proceedings did not violate Mason's due
 process rights.  The Department complied with the minimum due process
 requirements for prison disciplinary proceedings.  See Al-Shabazz v.
 State, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) (noting in order
 to comply with procedural due process for inmate disciplinary proceedings, the
 following constitutional rights are required: "(1) that advance written
 notice of the charge be given to the inmate . . . ; (2) that fact finders must
 prepare a written statement of the evidence relied on and reasons for the
 disciplinary action; (3) that the inmate should be allowed to call witnesses
 and present documentary evidence, provided there is no undue hazard to
 institutional safety or correctional goals; (4) that counsel substitute . . .
 should be allowed to help illiterate inmates or in complex cases . . . ; and
 (5) that the persons hearing the matter . . . must be impartial" (citing Wolff
 v. McDonnell, 418 U.S. 539, 563-72 (1974))). 
2.  We find the ALC properly found
 substantial evidence existed for the hearing officer to find Mason guilty of both
 convictions.[2] 
 This court may affirm the decision of the ALC if it is supported by substantial
 evidence.  S.C. Code Ann. § 1-23-610(B)(e) (Supp.
 2010).  "Substantial evidence is relevant evidence that, considering the
 record as a whole, a reasonable mind would accept to support an administrative
 agency's action."  Al-Shabazz, 338 S.C. at 380, 527 S.E.2d at 756.  
Here, substantial evidence
 exists to support the ALC's findings.  The Department presented evidence to
 support Mason's disciplinary conviction for smuggling contraband.  Officer Marsico's
 report identified the contraband, and the confidential informant connected
 Mason to the contraband.  Additionally, evidence existed to support the
 Department's finding Mason guilty of attempted escape.  Mason had several cuts
 on his body soon after the incident, and the warden's confidential informant
 had knowledge that Mason attempted to climb over the fence in order to get the
 packages.  
AFFIRMED.
SHORT, KONDUROS,
 and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We decline to address Mason's issue regarding the reliability
 of the confidential informant because this issue was not raised at the
 hearing.  See Al-Shabazz, 338 S.C. at 379, 527 S.E.2d at
 755 (finding issues not raised to and ruled upon by the trial court are
 not preserved for review).